ANDREWS, Judge.
This matter is before the court on Rule Nisi issued upon the suggestion by Frank Conrad for Writ of Prohibition requiring The Plonorable John T. Rose, Jr., as Judge of the County Judge’s Court in and for Charlotte County, Florida, and Mereene Harris, as Guardian of the person and property of Buryi Allen Conrad, a minor, to show cause why said Writ should not be issued prohibiting said Judge from proceeding further in the Petition of the respondent, Mereene Harris, as Guardian, for an increased payment for support of Buryi Allen Conrad, a minor, by the father, Frank Conrad.
Frank Conrad and Louise A. Conrad, the mother and father of Buryi Allen Conrad, were divorced in Indiana, and the custody of said child was awarded to the mother, together with the requirement for payment for his support. Louise Conrad died and Mereene Harris, the maternal grandmother, was appointed Guardian of the person and property of said minor. By proper proceedings said guardianship' was removed to Charlotte County, Florida, wherein the Guardian and said minor child reside.
The Guardian instituted a proceeding before the County Judge to require increased *763 payments for the support of said child due to changed circumstances and additional needs of said child. An Order to Show Cause was issued by The Honorable John T. Rose, Jr., as County Judge, on December 30, 1964 and served on Frank Conrad. The Rule Nisi was issued by this court prohibiting further proceedings therein and requiring the respondents herein to show cause why the Writ should not be made .absolute.
Chapter 39, F.S.A., establishes juvenile courts in all counties in the State, and provides that the County Judge should be the Juvenile Judge unless a separate juvenile court was in existence at the time of the enactment of said Chapter, or were later created. No such separate juvenile court .is in existence in Charlotte County.
Section 39.01(10), F.S.A., defines a dependent child as one “who is neglected as to proper or necessary support or education as required by law * * ” Section .39.02(1), F.S.A., provides that “the juvenile court shall have exclusive original jurisdiction of dependent and delinquent ■children domiciled, living or found within the county * * * in which the court” has jurisdiction.
It has been held that on a question of ■dependency of a child arising in a divorce proceeding, the jurisdiction conferred on ■the juvenile court is concurrent with the jurisdiction of the court in which the ■divorce is pending. State ex rel. Watson v. Rogers, Fla.1956, 86 So.2d 645. However, we need not rule on this question in that the divorce decree which awarded support for the child is the decree of an Indiana Court Under the circumstances, the fact that the juvenile court of Charlotte County acquired jurisdiction, it has the responsibility to determine whether or not the child is dependent, and if so, require the responsible parent to adequately provide for the child.
Although the proceedings before the County Judge in this matter were styled m the guardianship proceeding, such fact is immaterial in determining the jurisdiction and authority of said judge acting as a juvenile judge. As a juvenile judge, he has the power and authority to make a determination that a child is dependent to the extent he or she is not receiving the proper support from those legally required to provide the same, and upon such finding require those legally responsible for the care of said dependent child to make proper provision therefor.
Accordingly, the Rule Nisi is discharged and the Suggestion dismissed.
ALLEN, Acting C. J., and SHANNON, J., concur.